Bernard S. Meyer, J.
In an action to set aside a transfer of property as having been made in fraud of creditors, the plaintiff, a judgment creditor of the transferor, moves for a temporary injunction to restrain all the defendants from transferring any of their assets to the extent of $11,498, the amount of the judgment, and for a summary order directing the Sheriff to levy on assets of the transferee and to hold the samé pending determination of the action.
Power to grant the latter request is said to stem from section 278 of the Debtor and Creditor Law which plaintiff claims permits levy or attachment without complying with any of the established requirements for taking custody or possession of defendant’s property prior to judgment. While section 278 (subd. 1, par. 6) of the Debtor and Creditor Law gives a creditor the right to disregard a fraudulent conveyance and attach or *957 levy before judgment, nothing in the language of the section relieves him from the obligations imposed by Civil Practice Act (§ 902 et seq.) if he attaches, or section 696 if he levies. Therefore that branch of the motion is denied.
As to the request for injunction, plaintiff apparently confuses the rights given by the Debtor and Creditor Law (§ 279) to the holder of an unmatured claim. While the Debtor and Creditor Law affords a judgment creditor no right to an injunction, the court does not agree that as a matter of law the court does not have ample power to take control of the subject matter of this litigation, simply because essentially a money judgment is the ultimate relief sought. Where a proper case is made out showing extrinsic facts justifying such interference under section 878 of the Civil Practice Act, power is at hand. The difficulty here is that factually this application is extremely weak. It depends on a so-called examination in supplementary proceedings which is not subscribed, nor does it even recite the swearing of the witness. Plaintiff’s attorney does not satisfactorily explain these deficiencies, nor does he meet the charge that the examination presented to the court is merely his reconstruction of what was said by the witnesses.
In view of the serious effect which an injunction would have on the transferee, a going business concern, the request for a restraining order is denied, but an early trial will be ordered. (Nassau County Supreme Court Rules, rule 11.)