**William J. FLEMING et al.**

v.

**The GRAY MANUFACTURING COMPANY and Gray Circle, Inc.**

**Civ. No. 15064.**

United States District Court,
D. Connecticut.

Jan. 16, 1973.

Samuel V. Schoonmaker, III, Howard A. Knight, Cummings & Lockwood, Stamford, Conn., for plaintiffs.

J. Read Murphy, John C. Yavis, Jr., Murtha, Cullina, Richter & Pinney, Hartford, Conn., for defendants.

### RULING ON PLAINTIFFS' APPLICATION FOR INJUNCTIVE RELIEF

ZAMPANO, District Judge.

In this breach of contract action, the plaintiffs, in order to secure satisfaction of any judgment which may be entered, seek an order to attach the capital stock owned by the defendants in several subsidiary and affiliated corporations.

## I.

Plaintiffs, William J. Fleming and his three children, were former stockholders of Circle Steel Partition Co., Inc. ("Circle Steel"), a New York corporation. On May 25, 1970, the defendant, The Gray Manufacturing Company ("Gray") and the defendant Gray Circle, Inc. ("Gray Circle"), both Connecticut corporations, entered into an agreement to purchase all the capital stock of Circle Steel for an aggregate consideration of $1,937,500.00.

The agreement provided that the purchase price would be honored by certified checks of $1,000,000 at the closing, and the balance payable in four equal annual installments of $234,375, together with interest at the rate of four percent per annum.

The closing was held on June 4, 1970, at which time all the capital stock of Circle Steel was delivered to the defendants in exchange for the $1,000,000 immediate payment plus the appropriate promissory notes. The consideration for the stock was allocated among the shareholders of Circle Steel in such a way that the plaintiffs herein are the only stockholders to have an interest in the deferred payments.

When the first promissory note was not paid at maturity on June 4, 1971, this suit was instituted. By way of an application for a mandatory injunction, the plaintiffs seek to secure their debt by obtaining an order directing the defendants to deposit with this Court all the capital stock owned by them in nine other corporations.

The moving papers indicate that the defendants' ownership interests in the nine other corporations are as follows:

1. The defendant Gray wholly owns the capital stock of the defendant Gray Circle;

2. The defendant Gray Circle owns all the capital stock of Circle Steel Partition Co., Inc., a New York corporation;

3. Circle Steel Partition Co., Inc., in turn, owns four other corporations: Circle Steel Partition Co., Inc. of Connecticut, Circle Partition Company of Georgia, Inc., Circle Partition Co., Inc. of Delaware, and Circle Steel Products, Inc., a New York corporation;

4. In addition to possessing all the capital stock of the defendant Gray Circle, the defendant Gray owns: 100 percent of Virginia Metal Products, Inc., a Connecticut corporation; 100 percent of Gray Pollution Control Systems, Inc., incorporated in Michigan; 85 percent of the Delaware corporation, Gray Tech, Inc.; and 46.4 percent of Quaker City Industries, Inc., a corporation organized under the laws of New York.

## II.

The parties agree that all the corporate securities in question are located outside the state of Connecticut. In support of their efforts to reach the securities, the plaintiffs contend that: 1) complete relief is authorized by Connecticut's laws governing attachment of securities, and 2) since this Court has *in personam* jurisdiction over the defendants, it has inherent equitable power to order them to do specific acts, either within or without the territorial limits of its jurisdiction. The defendants, on the other hand, take a narrower view of the relevant statutes, and argue that this Court's power to grant extraordinary relief in this case is necessarily circumscribed by limitations contained in those statutes. The Court is of the opinion that neither extreme position is correct, and that a just resolution of the issue may be found approximately in the middle of the spectrum of the two divergent positions.

In this case the Court conducted a full hearing, upon due notice to the parties who appeared and were represented by counsel. The plaintiffs' basic right to a prejudgment attachment of the defendants' property is therefore assured. Conn.Gen.Stats. § 52–279; Smith v. Gil-

bert, 71 Conn. 149, 154–155, 41 A. 284 (1898). However, § 52–289 limits the attachment of a corporate share of stock to one "actually seized by the officer making the attachment, or is surrendered to the corporation which issued it."

▮ Article 8 of the Uniform Commercial Code, adopted by the Connecticut Legislature in 1959, also states that no attachment upon a security shall be valid until the security is actually seized by the officer making the attachment. Conn.Gen.Stats. § 42a–8–317(1). But the Code goes on to provide in subsection 2 of the same provision:

> A creditor whose debtor is the owner of a security shall be entitled to such aid from courts of appropriate jurisdiction, by injunction or otherwise, in reaching such security or in satisfying the claim by means thereof as is allowed at law or in equity in regard to property which cannot readily be attached or levied upon by ordinary legal process.

Thus, in a proper case the creditor of a security owner may seek the equitable aid of a court of competent jurisdiction to gain control of a security which cannot be readily attached by means of the ordinary procedures provided for in law. See Hodes v. Hodes, 176 Or. 102, 155 P. 2d 564 (1945), cited with approval in the Comments to § 42a–8–317 of the Code, wherein an Oregon court enjoined the transfer of a security in a safe deposit box in the State of Washington.

▮ In addition, this Court has personal jurisdiction over the defendants and, if justice and the reasonable demands of the situation warrant, may order the defendants to do or refrain from doing, certain acts in another state. Restatement (Second), Conflict of Laws § 53; Columbia Nastri & Carta Carbone v. Columbia, Ribbon & Carbon Mfg. Co., 367 F.2d 308, 313 (2 Cir. 1966).

Injunctive action by this Court finds precise support in a recent decision by a Connecticut Superior Court judge. In Olin Corporation v. L. C. Liquidating Corp., Dkt. No. 17273, Superior Court for Fairfield County (December 15, 1971), Judge George sustained an injunction prohibiting the corporate defendant from transferring, selling, or in any other manner disposing of the capital stock owned by it in a wholly-owned subsidiary, a Nevada corporation. The court further ordered that the shares of stock in Nevada be delivered up to a Connecticut sheriff in order that they might be made subject to the plaintiff's foreign attachment.

### III.

▮ Applying these principles of law to the facts as disclosed in the present state of the record, the Court is satisfied that it should act in equity to protect the plaintiffs from the irreparable harm they would suffer if the defendants dispose of assets which may be used to respond to a judgment in this case. However, the Court is of the opinion that it lacks the power to affect the interests of a corporation not subject to this Court's jurisdiction.

Accordingly, the plaintiffs' application for injunctive relief is granted with respect to the shares of stock owned by the defendants in the following corporations: The Gray Manufacturing Company; Gray Circle, Inc.; Circle Steel Partition Co., Inc. (New York); Virginia Metal Products, Inc.; Gray Pollution Control Systems, Inc.; Gray Tech, Inc.; and Quaker City Industries, Inc. With respect to Circle Steel Partition Co., Inc. (Connecticut); Circle Partition Company of Georgia, Inc; Circle Partition Co., Inc. (Delaware); and Circle Steel Products, Inc. (New York), the plaintiffs' motion for a preliminary injunction is denied.

Settle order on notice.