In re FEIT & DREXLER, INC., Frank Feit Associates, Inc. and William R. Drexler International, Inc., a/k/a William R. Drexler International, Ltd., Debtors.

David M. GREEN, as Trustee of Feit & Drexler, Inc., Frank Feit Associates, Inc. and William R. Drexler International Inc., a/k/a William R. Drexler International, Ltd., Debtors, Plaintiff,

v.

William R. DREXLER and Violet Drexler, Defendants.

Nos. 83 B 10921—83 B 10923 (PA). Adv. No. 83–5937–A.

United States District Court, S.D. New York.

July 17, 1984.

---

Chester B. Salomon, P.C. by David M. Green, New York City, for trustee.

Ressa, Nappi & Weinig by Harvey Weinig, Port Washington, N.Y., for defendant Violet Drexler.

Carl E. Person, New York City, for defendant William Drexler.

## OPINION AND ORDER

KEENAN, District Judge:

*Referred to District Court Under Emergency Bankruptcy Rule I(b)*

On June 7, 1984, David M. Green, the trustee in this action sought an attachment order against the property of defendant Violet Drexler by an order to show cause. The order was signed on June 7 and ex parte temporary relief was granted, in the form of an order enjoining Violet Drexler and William Drexler, their agents, employees and assigns from transferring, mortgaging, encumbering or dissipating any interest that either or both of them may have in any brokerage accounts. On June 8, the

trustee sought further ex parte temporary relief enjoining the defendants from transferring, mortgaging, encumbering or dissipating any interest that they might have in any securities, bonds, money-market instruments, or other non-demand deposits, or the proceeds therefrom. This relief was granted.

On June 15, 1984, a hearing was held concerning the orders entered and the further relief sought. At that time the trustee sought an order compelling Violet Drexler to turn over all property capable of delivery within her control to an escrow agent. Evidence and testimony were presented by the trustee indicating that, despite her prior testimony to the contrary, Violet Drexler had substantial assets. Indeed, the evidence indicated that Violet Drexler had purchased approximately $250,000 in municipal bonds during the past six months through J.P. Hanaver & Co. Following the hearing, an order was entered directing Violet Drexler to deliver to her attorney, as escrow agent, any property capable of delivery. In entering this order, the Court took into consideration Violet Drexler's history of secreting assets and apparent disregard for court orders and the oath under which she testified.

On June 26, further proceedings were held. At this time, Violet Drexler filed objections to the trustee's motion for an attachment and sought leave to move to vacate or modify the outstanding orders. That motion was made on July 12, 1984. The trustee also moved on that date for an order holding Violet Drexler in contempt of court for failing to adhere to the Court's orders.

█ The first motion to be addressed is the trustee's motion for an order of attachment, a preliminary injunction and a mandatory injunction compelling turnover of property in aid of the attachment. Defendant Violet Drexler opposes this motion on the ground that the trustee has failed to satisfy the requirements of section 6212 of the CPLR, specifically the requirements that the trustee show: (a) the existence of a cause of action and (b) that it is probable

that the trustee will succeed on the merits of his action filed against her.

The trustee's affidavit and the exhibits attached thereto establish that a cause of action exists. To satisfy this requirement of the CPLR the trustee must make a showing of prima facie facts that establish a basis for the cause of action alleged. The Court finds that the trustee has done this. The trustee has not shown, however, on the face of the affidavit and exhibits attached thereto, probable cause on the merits of his claim against Violet Drexler for conversion, mismanagement and waste, and fraudulent conveyance. Without this showing, the trustee is not entitled to an order of attachment. *See Executive House Realty v. Hagen,* 108 Misc.2d 986, 438 N.Y. S.2d 174 (1981) (demonstrating a cause of action is not enough). The trustee has established, however, that there are serious questions going to the merits of this action to make them a fair ground for litigation and that the balance of hardships tip decidedly in favor of the trustee. This finding was made by Bankruptcy Judge Prudence Abrams on September 14, 1983 at an earlier proceeding in this action and is recited in her order dated September 27, 1983, submitted as Exhibit B to the trustee's affidavit. Although this finding does not satisfy the requirements for issuance of an order of attachment outlined in section 6212 of the CPLR, it is a sufficient showing for the relief granted thus far in this action, particularly in light of facts in the record.

█ Under section 6301 of the CPLR, a preliminary injunction may be granted where the defendant threatens or is about to do an act in violation of plaintiff's rights with regard to the subject of the action that may render the judgment ineffectual. Although the ultimate relief sought here is a money judgment, which does not normally qualify as the subject of an action, the court has the power to take control of a "subject matter" of an action to set aside a transfer in fraud of creditors, if extrinsic facts, justifying such interference are presented. *Resinol v. Long Island Asbestos Contracting Co.,* 26 Misc.2d 956, 208

N.Y.S.2d 10, 11 (Sup.Ct.Nassau Cty.1960). Such facts are presented in the trustee's affidavit. The deposition testimony attached to the affidavit demonstrates a blatant disregard for court orders and the obligation to testify truthfully under oath. This evidence, in conjunction with that submitted at the hearing, documents substantial efforts to hide and secrete assets. The relief granted is essential to prevent a potential judgment from becoming ineffectual. The affidavit submitted also satisfies the requirements of section 6312 which outlines what a trustee must show to obtain an injunction under section 6301.

The requirement that the Court find a likelihood of success on the merits, established by case law, is also satisfied. Unlike section 6212, sections 6301 and 6312 do not require that the plaintiff establish, by affidavit or other written evidence, probable success on the merits. The record shows that Violet Drexler received payments from the debtor corporations at $27,378 in 1977; $145,494 in 1978; $220,993 in 1979; and $222,603 in 1980 despite the fact that she testified that her only involvement with the debtor corporations was to supervise the part time clerical help two or three days a week. In addition, the evidence indicates that Violet Drexler was an officer and director of at least one of the debtor corporations during that time. This evidence establishes probable success on the merits of the trustee's waste, conversion and mismanagement claims.

Furthermore, default judgments were entered against those corporations by Judge Haight on May 31, 1983 for $800,000 in an action for an accounting and by Judge Sprizzo on June 13, 1983 in an action seeking $338,000 allegedly owing. Those judgments remain outstanding against the debtor corporations and will remain valid until and unless they are set aside for one of the reasons set forth in rule 60(b) of the Federal Rules of Civil Procedure or overturned on appeal. The existence of any counterclaims to the claims upon which the judgments are based is irrelevant at this stage of the litigation. It should be noted that at least one of these judgments is based on claims accruing in 1978 and thereafter, a time when the trustee's evidence shows that Violet Drexler was receiving substantial payments from the corporations and was listed as an officer and director of at least one of them. As defendant argues, these facts do not show insolvency at the time that Violet Drexler received the challenged payments. Proof of insolvency is not necessary, however, to establish probable success on the merits of two of the trustee's claims.

The fact that the injunction entered here is mandatory in nature does not affect the validity of the order. As stated in the commentary to section 6301, the distinction between a mandatory and prohibiting injunction "is largely semantic and the propriety of an injunction should not turn on verbal niceties [but] should turn on the equities of the case."

As the trustee has established the statutory requisites for temporary relief outlined by the CPLR and any additional requirements established by case law are satisfied by facts in the record, the Court finds that the trustee is entitled to continuation of the relief granted, thus far, in this action. Moreover, the preliminary injunction order in which Judge Abrams made certain findings, upon which the Court relies, in part, was not appealed. The Court, therefore, sees no reason to reverse her determination, particularly when no new facts contradicting her findings have been introduced. Essentially, my orders have operated to extend the relief granted by Judge Abrams to include Violet Drexler. This extension is appropriate as the trustee has submitted substantial evidence indicating that Violet Drexler has far greater assets than Judge Abrams was aware of at the time she issued her order and that Violet Drexler has made repeated efforts to hide the existence of those assets from the trustee and the Court.

An attachment order shall not issue, however, until the trustee has submitted additional affidavits or evidence in technical compliance with section 6212. The

Court recognizes that attachment is a harsh remedy and that it should not be awarded by the courts unless the statutory requirements for such relief, outlined in the CPLR, are strictly complied with.

The second motion before the Court is Violet Drexler's motion for an order pursuant to rule 64 of the Federal Rules of Civil Procedure and section 6223 of the CPLR vacating or modifying the June 7, 1984, June 8, 1984 and June 20, 1984 orders issued by this Court on the grounds that the Court is without jurisdiction to issue attachment orders regarding property or debts located outside New York, and that there is no statutory authority for the issuance of a mandatory injunction in aid of an attachment.

The Court has not issued an attachment order that extends beyond the territorial borders of New York State. There is no reason, therefore, to address that ground for vacating or modifying the orders. The issue remains, therefore, as to whether the Court has the statutory authority to issue the mandatory injunction.

Violet Drexler argues that the orders requiring her to deliver property to an escrow agent in New York in effect expands the reach of the New York attachment statute far beyond New York's borders and is contrary to the principle that the asset to be attached must be present within the state.

This Court has ordered Violet Drexler to deliver property within her control located outside of New York to an escrow agent in New York. She has not questioned this Court's jurisdiction over her. District courts have the authority to compel persons over whom they have jurisdiction to perform acts with respect to property located outside of the court's jurisdiction. *United States v. First National City Bank,* 379 U.S. 378, 384, 85 S.Ct. 528, 531, 13 L.Ed.2d 365 (1965). The order issued here is similar to the order issued by the district court and affirmed by the Second Circuit in *United States v. Ross,* 302 F.2d 831, 834 (2d Cir.1962). The district court ordered the defendant to turn over

stock certificates outside of the jurisdiction to a receiver. In affirming that order, the Second Circuit stated that personal jurisdiction gives the court power to order the defendant "to transfer property whether that property was within or without the limits of the court's territorial jurisdiction." *See also In re Uranium Antitrust Litigation,* 480 F.Supp. 1138, 1144 (D.C.Ill.1979) (Court has the power to order person subject to its jurisdiction to perform an act within another state); *Plechner v. Widener College, Inc.,* 418 F.Supp. 1282, 1286 n. 3 (D.C.Pa.1976); *affirmed,* 569 F.2d 1250 (1977) (Court has the power to order defendant subject to personal jurisdiction to void a transaction despite the fact that it does not have the authority to affect title to stock outside of its jurisdiction); *Mohr v. Allen,* 407 F.Supp. 483, 489 n. 3 (S.D.N.Y. 1976) (Court may indirectly act on foreign real estate through its authority over parties before it); *Fleming v. Gray Manufacturing Co.,* 352 F.Supp. 724, 726 (D.C. Conn.1973) (Court has the power to order defendant subject to personal jurisdiction to perform an act in another state).

Moreover, the municipal bonds purchased through J.B. Hanauer & Co. or the proceeds thereof are the specific property that the original order sought to maintain intact. There is explicit statutory authority for ordering a defendant to deliver securities into the state in aid of an attachment order. *See* N.Y.U.C.C. § 8–317(6); *Inter-Regional Financial Group, Inc. v. Hashemi,* 562 F.2d 152, 155 (2d Cir.1977), *cert. denied,* 434 U.S. 1046, 98 S.Ct. 892, 54 L.Ed.2d 798 (1978).

Finally, the Court recognizes that mandatory relief, such as that embodied in the turnover order, is only appropriate under the CPLR where essential to maintain the status quo. Violet Drexler has made numerous efforts to secrete assets and has shown disregard for court orders, as well as the oath under which she has testified. The Court, therefore, to protect the interests of the creditors of the debtor corporations, refrains from modifying the orders directed to Violet Drexler. To modify

those orders would create a substantial risk that assets would be dissipated and the potential judgment ineffectual.

The Court reminds Violet Drexler that injunction orders, even if erroneously granted, must be obeyed as long as they are in force. A contempt order will issue if the orders of the Court entered in this action are not complied with.

SO ORDERED.