■ SHAKLEE CORPORATION, Appellant, v LOEHMANN's INC., Respondent. [629 NYS2d 766] —Judgment, Supreme Court, New York County (Jane Solomon, J.), entered May 17, 1994, which granted respondent's motion to dismiss the petition, unanimously reversed, on the law, respondent's motion denied and the matter remanded for further proceedings, without costs.

In this turnover proceeding pursuant to CPLR 5227 and 5525 (b) the IAS Court, relying upon the decision in *Matter of Supreme Mdse. Co. v Chemical Bank* (70 NY2d 344), dismissed the petition upon a finding that petitioner had failed to establish that at the time of service of the restraining notice respondent was in possession of property of or indebted to petitioner's judgment debtors, inasmuch as the only relationship of which there was any evidence was that pertaining to the one outstanding letter of credit posted in favor of the judgment debtor in the amount of $62,160. In *Supreme Mdse. (supra)*, the Court of Appeals held that a beneficiary's interest in an executory negotiable letter of credit supporting an international sale of goods is not property of the beneficiary for purposes of attachment by a party in unrelated litigation, the rationale being the contingent nature of the obligation and the policy considerations involved in negotiable letters of credit concerned with international sales transactions, and "for present purposes must be considered a contingent, nonattachable 'debt' under CPLR 5201 (a) rather than attachable 'property' under CPLR 5201 (b)" (*supra*, at 351). Here, however, the letter of credit is not being attached or seized, but rather is being used as evidence of a "debt". CPLR 5227 clearly applies against "any person who it is shown is or will become indebted to the judgment debtor, [and] the court may require such person to pay to the judgment creditor the debt upon maturity". Thus, if Shaklee is ultimately successful in this proceeding, the paper Loehmann's may be directed to make would be an attornment or some similar kind of commitment to pay the debt to Shaklee, when it falls due, instead of to the judgment debtor (*see*, Siegel, NY Prac § 510, at 789 [2d ed]). Concur—Sullivan, J. P., Rosenberger, Wallach, Kupferman and Asch, JJ.