**FIDELITY PARTNERS, INC., Petitioner,**

v.

**FIRST TRUST COMPANY OF NEW YORK, Morgan Guaranty Trust Company of New York, Euroclear System, Ing Bank of Manila, and Philippine Export and Foreign Loan Guarantee Corporation, Respondents.**

No. 97 Civ. 5184(SHS).

United States District Court, S.D. New York.

Dec. 5, 1997.

Robert L. Weigel, Gibson Dunn & Crutcher, New York City, for Fidelity Partners, Inc.

David C. Singer, Dorsey & Whitney, New York City, for First Trust Co. of New York.

James L. Kerr, Davis, Polk & Wardwell, New York City, for Mogan Guaranty Trust Co. of New York.

## OPINION AND ORDER

STEIN, District Judge.

On July 14, 1997, Fidelity Partners, Inc. brought this turnover petition pursuant to the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1610, and Fed. R. Civ. Pro. 69, which utilizes New York Civil Practice Law and Rules 5525(b) and 5227, to compel respondent First Trust Company of· New York to deliver to Fidelity a definitive bond, in Fidelity's name, representing the $1,750,000[1] interest held by respondent Philippine Export and Foreign Loan Guarantee Corporation ("Philguarantee") in Series B Philippine Reduction Interest Bonds ("FLIRB's"). The Court denies the petition on two grounds.

First, the underlying judgment that Fidelity seeks to enforce does not permit execution upon assets of Philguarantee that are not located within the United States.[2] Because the Court finds that neither the FLIRB's, nor Philguarantee's ·participation interest in the FLIRB's, are located in New York or in any part of the United States, Fidelity cannot execute on those assets.[3]

---

**1.** Fidelity originally requested a bond in the amount of $1,165,000, which was thought to represent Philguarantee's entire interest in the FLIRB's when Fidelity filed this petition. However, all parties now agree that Philguarantee's interest in the FLIRB's is $1,750,000.

**2.** The underlying judgment only permits execution on assets in the United States because Philguarantee is an agency of the Republic of the Philippines, and the Foreign Sovereign Immunities Act only permits execution on "a foreign state's property in the United States." *See Philippine Export and Foreign Loan Guarantee Corp. v. Chuidian*, 218 Cal.App.3d 1058,

267 Cal.Rptr. 457, 477 (1990); *see also Fidelity Partners, Inc. v. Philippine Export and Foreign Loan Guarantee Corp.*, 921 F.Supp. 1113, 1117–18 (S.D.N.Y.1996).

**3.** Fidelity cites a May 27, 1997 order issued by Judge Charles Brieant in support of its argument that Philguarantee's interest in the FLIRB's is an asset located in the United States, and thus, subject to execution. *See* Mem. of Law in Supp. of Pet. at 9–10. However, the transcript of the May 6 oral argument preceding Judge Brieant's order makes clear that Judge Brieant did not intend to preclude further inquiry into the actual situs

The facts are as follows: Philguarantee holds a $1.75 million participation interest in the FLIRB's through ING Bank of Manila. ING Bank of Manila, in turn, holds its interest in the FLIRB's through the Euroclear System, where its interest is reflected in a book-entry credit to a securities account maintained by Morgan Guaranty's Brussels branch office. Finally, Morgan Guaranty's London office, as subcustodian for Morgan Brussels, is the holder of the FLIRB global bond, and is the only recorded owner of the global bond reflected on the books of respondent First Trust Company of New York, which is the New York-based fiscal and paying agent, registrar, transfer agent and authenticating agent pursuant to the terms of three fiscal agency agreements entered into by the FLIRB's' issuer, the Republic of the Philippines.

■ Given these facts, the Court finds that Philguarantee's interest in the bonds is located in the Philippines, where the debtor resides, and where ING Bank of Manila—upon whose books the debtor's interest is represented—is located. Accordingly, the Court holds that principles of foreign sovereign immunity prohibit execution against Philguarantee's interest in the FLIRB's. *See Fidelity Partners,* 921 F.Supp. at 1119.

■ Second, Fidelity's attempt to rectify this "situs problem" by seeking to have First Trust deliver a definitive bearer bond in the amount of $1.75 million (representing Philguarantee's interest in the FLIRB's) to Fidelity, and to have Morgan Guaranty, Euroclear and ING Bank of Manila make entries in their respective books reflecting the issuance of the definitive bearer bond to Fidelity, is unavailing. First Trust, Morgan Guaranty, and Euroclear are all improper garnishees pursuant to Section 5201 of the CPLR, since none of these parties is a "firm or corporation which carries on its books an account in the name of the judgment debtor." CPLR § 5201(c)(4). Section 8–317 of the New York Uniform Commercial Code ("N.Y.U.C.C."), which governs the rights of a creditor to reach a judgment debtor's interest in a certificated security, similarly provides that the judgment debtor's account can be reached by process upon the financial intermediary upon whose books the interest of the debtor appears. N.Y. U.C.C. § 8–317(4). In short, both provisions suggest that Fidelity's execution efforts with respect to the FLIRB's be directed at ING Bank of Manila, upon whose books Philguarantee's interest is specifically denominated.[4]

Fidelity seeks support in the cases construing CPLR §§ 5225 and 5227 and N.Y. U.C.C. Section 8–317(6) for the proposition that this Court may grant the injunctive relief requested; ie., direct First Trust to deliver, or "turn-over," a definitive bearer bond to Fidelity, and direct Morgan Guaranty and Euroclear to make entries to reduce ING Bank of Manila's interest in the FLIRB's. No such aid can be found there, for the cases cited by Fidelity address a court's authority to order a *judgment debtor* (rather than a third-party fi-

---

of the asset Fidelity seeks to reach. Instead, he made a preliminary determination—without information relating to how Philguarantee's interest in the FLIRB's was held, *see* Tr. at 4–5, 9, 12—that "it [w]as more likely than unlikely, based upon the information before the Court, that the debt represented by the bonds is [in New York County]." *See* Tr. at 14.

4. Fidelity's service of the turnover motion on ING Bank of Manila by courier and telecopy in the Philippines, is not the manner in which the interests of a debtor "may be reached" pursuant to N.Y. U.C.C. § 8–317(4). Any

such reading of the provision would—as Morgan Guaranty contends—"support worldwide service of attachment orders and execution." *See* Surreply Mem. at 4. Moreover, the Court notes that the agreements governing the issuance of the FLIRB's requires that the FLIRB's be offered only outside of the United States, *see* Issuance Agreement, § 3.1, and that delivery of any definitive bearer bonds (upon request by a person or entity holding an interest in the FLIRB's) be made to an address outside the united States. *See* Fiscal Agency Agreement § 3.

nancial intermediary) to deliver securities into the jurisdiction. Moreover, none of the cases cited involved situations—such as this one—where an interest in the securities was reflected on the books of financial intermediaries in foreign jurisdictions. *See In re Feit & Drexler, Inc.*, 42 B.R. 355 (S.D.N.Y.1984), *aff'd*, 760 F.2d 406 (2d Cir. 1985); *Inter–Regional Financial Group, Inc. v. Hashemi*, 562 F.2d 152, 155 (2d Cir.1977); *United States v. Ross*, 302 F.2d 831, 834 (2nd Cir.1962); *Shaklee Corp. v. Loehmann's Inc.*, 218 A.D.2d 511, 512, 629 N.Y.S.2d 766, 767 (1st Dep't 1995). Finally, for the reasons stated above, neither First Trust nor Morgan Guarantee are proper garnishees for purposes of CPLR Sections 5225(b) and 5227.

Accordingly, Fidelity's petition for an order directing delivery of a definitive bearer bond to Fidelity is denied, and the Clerk of the Court is directed to enter an order dismissing the petition.

SO ORDERED: