■ SHAKLEE CORPORATION, Appellant, v LOEHMANN'S INC., Respondent. (And a Third-Party Action.) [673 NYS2d 108] —Order, Supreme Court, New York County (Jane Solomon, J.), entered April 3, 1997, which denied petitioner's motion for summary judgment in this turnover proceeding, unanimously affirmed, with costs.

Petitioner, a judgment creditor of William Stuart Industries and William Stuart Industries (Far East) Ltd. has not established as a matter of law that the $49 and $270,530.75 that respondent paid to William Stuart Industries were for debts respondent owed to either judgment debtor at the time respondent was served with petitioner's restraining notice (CPLR 5222 [b]). At this juncture, the record contains evidence of an indebtedness outstanding at the time of service of the restraining notice of $62,160, owing from respondent to William Stuart Industries (Far East) Ltd. (*see*, 218 AD2d 511). Aside from a letter of credit in the sum of $62,160 for the benefit of Far East, there is no evidence of any additional indebtedness incurred to either judgment debtor after service of the restraining notice, and why payments of $49 and $270,530.75 were made to William Stuart Industries is not apparent. In short, issues of fact remain as to exactly what indebtedness was satisfied by these two payments, and whether such indebtedness was in existence when the restraining notice was served or would become due thereafter (*see*, CPLR 5227). Concur—Sullivan, J. P., Rosenberger, Williams and Tom, JJ.