(February 1, 2000)

■ In the Matter of National Union Fire Insurance Company of Pittsburgh, Pa., et al., Appellants, v Advanced Employment Concepts, Inc., Respondent. [703 NYS2d 3] —Order, Supreme Court, New York County (Carol Huff, J.), entered November 27, 1998, which, to the extent appealed from, granted the cross motion of respondent Advanced Employment Concepts, Inc. (AEC) to vacate a restraining order and order of attachment issued against two bank accounts maintained by respondent in the State of Florida, unanimously affirmed, without costs.

AEC's cross motion to vacate the order of attachment affecting bank accounts that it maintains in Florida upon the ground that the court was without authority to attach bank accounts outside of New York was properly granted. In order to be subject to attachment, property must be within the court's jurisdiction (*see, ABKCO Indus. v Apple Films,* 39 NY2d 670), and the mere fact that a bank may have a branch within New York is insufficient to render accounts outside of New York subject to attachment merely by serving a New York branch.

The petitioner's reliance on *Digitrex, Inc. v Johnson* (491 F Supp 66) is misplaced. In *Digitrex,* the District Court departed from the long-standing general rule in New York that each bank is a separate entity and that in order to reach a particular bank account, the branch of the bank where the account is maintained must be served (*see, McCloskey v Chase Manhattan Bank,* 11 NY2d 936; *Therm-X-Chem. & Oil Corp. v Extebank,* 84 AD2d 787; 11 Weinstein-Korn-Miller, NY Civ Prac ¶ 5222.09). The court held that due to the advent of high-speed computers and sophisticated communications equipment, service of a restraining order upon a bank's main branch is adequate.

The holding of *Digitrex (supra)*, however, was clarified, and limited, by *Limonium Mar. v Mizushima Marinera* (961 F Supp 600), in which the court held that the exception to the separate entity rule is applicable only where the restraining notice is served on the bank's main office; the main office and the branches where the accounts in question are maintained *are within the same jurisdiction*; and the bank branches are connected to the main office by high-speed computers and are under its centralized control (*supra*, at 607-608).

In this matter, it is clear that the accounts which the petitioner seeks to attach are not in the same jurisdiction as the New York office that petitioner served. To the extent that the petitioner requests that we extend the holdings of *Digitrex (supra)* and *Limonium Mar. (supra)* to encompass all of a bank's branches, notwithstanding their physical location outside of this jurisdiction, we decline to do so and note that such an extension would require, in our view, a pronouncement from the Court of Appeals or an act of the Legislature. Concur—Sullivan, J. P., Nardelli, Wallach, Andrias and Buckley, JJ.