**Bruce E. MONES, Petitioner–Appellant,**

v.

**COMMERCIAL BANK OF KUWAIT, S.A.K., Respondent–Appellee.**

No. 05–5742–cv.

United States Court of Appeals, Second Circuit.

Nov. 13, 2006.

Charles H. Camp, Washington, DC, for Appellant.

Eric J. Stock, (George F. Hritz & Geoffrey D. Ratner on the brief) Hogan & Hartson, LLP, New York, NY, for Appellee.

Present: ROGER J. MINER, ROSEMARY S. POOLER, ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Appellant Bruce E. Mones ("Mones") appeals two orders, the first vacating a turnover order directing Appellee Commercial Bank of Kuwait, Inc. ("CBK") to transfer to Mones certain funds held on deposit for Mones' judgment debtors, and the second denying reconsideration of the first. The district court declined to address the issue of whether it had acquired valid personal jurisdiction over CBK (a garnishee owing debts to Mones' judgment debtors), instead vacating the previously entered turnover order because of the alleged implicit territorial limitations of the New York Civil Practice Law and Rules' provisions for the enforcement of judgments. *See* N.Y. C.P.L.R. 5201–5227 ("Article 52"). We assume the parties' familiarity with the facts and the specification of the issues.

In the past federal courts occasionally assumed the existence of jurisdiction and proceeded directly to the merits of a case in circumstances where the jurisdictional issue was close or complicated and the plaintiff's claim on the merits could be easily rejected. However, as we recently noted in *Alliance for Environmental Renewal, Inc. v. Pyramid Crossgates Co.*, 436 F.3d 82 (2d Cir.2006), "the Supreme Court has substantially ended that practice, ruling that a district court must generally resolve material factual disputes and establish that it has federal constitutional jurisdiction ... before deciding a case on the merits." 436 F.3d at 85 (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998)). The Supreme Court later concluded that this principle applied equally to personal jurisdiction, because "[p]ersonal jurisdiction, too, is an essential element of the jurisdiction of a district ... court, without which the court is powerless to proceed to an adjudication." *Ruhrgas AG*

*v. Marathon Oil Co.*, 526 U.S. 574, 584, 119 S.Ct. 1563, 143 L.Ed.2d 760 (1999) (internal quotation marks omitted).

Consequently, the district court erred in failing to determine whether it had valid personal jurisdiction over CBK before proceeding to the merits of Mones' claim.[1] Moreover, until the jurisdictional question is decided, we cannot address the other issue presented on this appeal: whether Article 52 should be construed so as to contain a general territorial limitation barring the entry of turnover orders directing foreign bank garnishees to transfer the money they owe to a judgment debtor into New York State from abroad (a principle that would be both broader than and distinct from the separate entity rule [2] and the financial intermediary rule.[3]) We will defer ruling on this matter until the District Court decides the jurisdictional question in the first instance. Accordingly, we will remand to the District Court for the purpose of further factfinding and the resolution of that issue. Following the District Court's decision, any party to this appeal may restore jurisdiction to this Court within thirty days by letter to the Clerk's Office seeking review. The letter will inform the Clerk that the case will be heard by this Panel upon letter briefs to be filed according to a schedule set by the Clerk. *United States v. Jacobson,* 15 F.3d 19, 21–22 (2d Cir.1994).

Based on the foregoing, the orders of the district court are VACATED, and the case is REMANDED for proceedings consistent with this order.

---

1. Additionally, in this case it would be impossible to review the district court's determination of the proper reach of transfer orders before the resolution of the jurisdictional issue, since the appropriateness of different procedures under New York law for the execution of judgments differs according to the jurisdictional basis of the enforcement proceedings. While the issue of personal jurisdiction is not essential when analyzing the issue of attachment, since it operates on the basis of in rem jurisdiction, it is central here. *Cf. Governale v. Envtl. Hydronics Inc.*, No. 87 CV 1700, 1992 U.S. Dist. LEXIS 1300, at *5 (E.D.N.Y. Jan. 29, 1992); *Michelsen v. Brush,* 233 F.Supp. 868, 870 (E.D.N.Y.1964); *Len-*

*chyshyn v. Pelko Elec., Inc.,* 281 A.D.2d 42, 723 N.Y.S.2d 285, 291 (App.Div.2001).

2. *See, e.g., McCloskey v. Chase Manhattan Bank,* 11 N.Y.2d 936, 228 N.Y.S.2d 825, 183 N.E.2d 227 (1962); *Nat'l Fire Ins. Co. v. Advanced Employment,* 269 A.D.2d 101, 703 N.Y.S.2d 3 (App.Div.2000); *Gavilanes v. Matavosian,* 123 Misc.2d 868, 475 N.Y.S.2d 987 (N.Y.Civ.Ct.1984).

3. *See, e.g., Koehler v. Bank of Berm. Ltd.,* 2005 WL 551115 (S.D.N.Y. Mar. 9, 2005); *Fidelity Partners, Inc. v. First Trust Co.,* 58 F.Supp.2d 52 (S.D.N.Y.1997).