■ In the Matter of UNI-RTY CORPORATION et al., Respondents, v NEW YORK GUANGDONG FINANCE, INC., et al., Respondents, and GUANGDONG BUILDING INC. et al., Appellants. [985 NYS2d 487]—

Order, Supreme Court, New York County (Ellen M. Coin, J.), entered on or about July 25, 2013, which, to the extent appealed from, denied respondents Guangdong Building Inc., the Estate of Joseph Chu, Alexander Chu, Centre Plaza, LLC, and Eastbank, N.A.'s (collectively, the Chu respondents) motion to dismiss the petition and denied in part respondents China Construction Bank and Agricultural Bank of China's (together, the Banks) motion to dismiss the petition, unanimously affirmed, without costs.

Respondents are barred by the doctrine of collateral estoppel from challenging petitioners' capacity to commence the instant proceeding in the dissolved corporations' names, since this issue was raised and decided against them in a prior action (see Ryan v New York Tel. Co., 62 NY2d 494, 500 [1984]).

Petitioners' fraudulent conveyance claims under Debtor and Creditor Law § 276 were correctly sustained, since it does not "conclusively" appear from the pleadings and respondents' submissions that petitioners had knowledge of facts from which the fraud could reasonably have been inferred more than two years before they commenced this proceeding (see Trepuk v Frank, 44 NY2d 723, 725 [1978]; Miller v Polow, 14 AD3d 368 [1st Dept 2005]; Feinberg v Shaw, 298 AD2d 272 [1st Dept 2002]).

The fraudulent conveyance claims under Debtor and Creditor Law § 276 are pleaded in sufficient detail to satisfy the heightened particularity requirement of CPLR 3016 (b) (see Marine Midland Bank v Zurich Ins. Co., 263 AD2d 382 [1st Dept 1999]). Petitioners properly relied on various "badges of fraud" to show actual intent to defraud or hinder present or future creditors (see Wall St. Assoc. v Brodsky, 257 AD2d 526, 529 [1st Dept 1999]).

Petitioners' allegations that respondents—officers and shareholders of respondent New York Guangdong Finance, Inc.—conveyed assets from the corporation to themselves without fair consideration (leaving the corporation insolvent and therefore unable to pay the judgment) state a cause of action under Debtor and Creditor Law § 273-a, since "preferential transfers to directors, officers and shareholders of insolvent corporations in derogation of the rights of general creditors do

not fulfill the requirement of good faith" (*Matter of P.A. Bldg. Co. v Silverman*, 298 AD2d 327, 328 [1st Dept 2002]).

Contrary to the Banks' contention, petitioners supported this turnover petition brought pursuant to CPLR 5225 and 5227 with competent evidence that the Banks hold assets of the judgment debtor in China. The "separate entity" rule is inapplicable here, since these foreign banking institutions are not mere garnishees of their client's accounts, but direct recipients of alleged constructively fraudulent conveyances as shareholders of the judgment debtor (*see Matter of National Union Fire Ins. Co. of Pittsburgh, Pa. v Advanced Empl. Concepts*, 269 AD2d 101 [1st Dept 2000]).

The court properly denied the Banks' request either to dismiss or stay the proceeding pending the appeal in the federal action, since that action does not involve any issues of fraudulent conveyance (*see* CPLR 2201).

The Banks lack standing to appeal from the denial of petitioners' request for the appointment of a receiver since they are not aggrieved by the denial (*see* CPLR 5511).

We have considered respondents' remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Renwick, Feinman, Gische and Kapnick, JJ.