OPINION OF THE COURT
James E. d’Auguste, J.
Plaintiff judgment creditor Lease Finance Group, LLC moves, pursuant to CPLR 5222-a, for a hearing to determine the validity of defendant judgment debtor John Fiske’s claim of exemption under the statute. For the reasons stated herein, Lease Finance Group’s motion is denied because the judgment was not properly served so as to provide this court with the jurisdiction required to restrain Fiske’s account.
Factual and Procedural Background
On December 27, 2010, Lease Finance Group entered into an equipment finance lease, the payment of which was personally guaranteed by Fiske. Fiske guaranteed the monthly lease payment of $149 for a period of 48 months, totaling $7,152, as well as Lease Finance Group’s attorneys’ fees. The personal guaranty of the lease contained choice of law and forum selection clauses, designating New York as the governing forum. The personal guaranty also contained express consent to jurisdiction in New York and provided that service of process by certified mail to his address in Georgia was sufficient for jurisdiction. Fiske agreed to these terms by signing the personal guaranty of the lease. On October 27, 2011, the lessee defaulted by failing to pay October’s rent after paying only $1,490 under the lease.
On August 1, 2012, Lease Finance Group commenced this action for breach of contract against Fiske to recover funds due under the lease and attorneys’ fees in the amounts of $5,662, including nine percent interest from October 27, 2011, and $1,415.50 respectively. By motion dated June 19, 2013, Lease Finance Group moved, pursuant to CPLR 3124 and 3126, to compel Fiske to respond to outstanding discovery demands and appear for a deposition within 20 days of entry of the order or to strike Fiske’s pleading. By order entered August 19, 2013, this court (Schecter, J.) granted Lease Finance Group’s motion “upon default by defendant, without opposition, when motion was marked final against defendant,” striking Fiske’s pleadings. By motion dated December 5, 2013, Lease Finance Group *843 moved for a default judgment in the amount of $6,973.31 against Fiske for failure to comply with Judge Schecter’s order. On December 31, 2013, the motion was granted and a default judgment was entered against Fiske.
On January 17, 2014, pursuant to CPLR 5222 (a), Lease Finance Group served Wells Fargo Bank, N.A. with an information subpoena and restraining notice with an exemption claim notice and two copies of an exemption claim form pursuant to CPLR 5222-a (b) (4) (a), (b). Despite the fact that the restraining notice was served on Wells Fargo’s Pennsylvania branch, the Bank began restraining funds in a Georgia account belonging to Fiske. Fiske alleges that the New York judgment was never domesticated in Georgia and, due to the “separate entity” rule, the fact that Wells Fargo has a branch in New York does not subject his account in Georgia to the jurisdiction of New York courts for the purpose of enforcing the New York judgment.
Discussion
Pursuant to CPLR 5222 (a), a restraining notice “may be served upon any person, except the employer of a judgment debtor or obligor where the property sought to be restrained consists of wages or salary due or to become due to the judgment debtor or obligor.” While this is true, New York follows the separate entity rule with respect to serving restraining notices on bank accounts (Matter of National Union Fire Ins. Co. of Pittsburgh, Pa. v Advanced Empl. Concepts, 269 AD2d 101, 101 [1st Dept 2000]). The separate entity rule provides “that each bank is a separate entity and that in order to reach a particular bank account, the branch of the bank where the account is maintained must be served” (id.). An exception to the separate entity rule exists “due to the advent of high-speed computers and sophisticated communications equipment,” such that “service of a restraining order upon a bank’s main branch is adequate” (id.). This exception, however, is limited to circumstances “only where the restraining notice is served on the bank’s main office; the main office and the branches where the accounts in question are maintained are within the same jurisdiction-, and the bank branches are connected to the main office by high-speed computers and are under its centralized control” (id. at 102).
Here, the exception does not apply because the restraining notice was served on a Wells Fargo branch in Pennsylvania, which is located in a jurisdiction other than Georgia, where *844 Fiske’s account is located. Although the Bank’s legal offices are located in Pennsylvania, which may suggest that the Pennsylvania branch is the main office, the exception is inapplicable regardless of whether the branches are connected by high-speed computers. Thus, service of the restraining notice on the Pennsylvania branch is insufficient to restrain Fiske’s Georgia account.
Although the Court of Appeals recently upheld that the separate entity rule applies in New York, it has not defined the rule’s scope in regard to domestic branches of banks located in foreign states (Motorola Credit Corp. v Standard Chartered Bank, 24 NY3d 149 [2014]). Until there is an act of the New York Legislature or a pronouncement from the Court of Appeals, stare decisis requires this court to apply case law from the Appellate Division, First Department. As the First Department stated:
“In this matter, it is clear that the accounts which the petitioner seeks to attach are not in the same jurisdiction as the New York office that petitioner served. To the extent that the petitioner requests that we extend the holdings of Digitrex (supra) and Limonium Mar. (supra) to encompass all of a bank’s branches, notwithstanding their physical location outside of this jurisdiction, we decline to do so and note that such an extension would require, in our view, a pronouncement from the Court of Appeals or an act of the Legislature” (Matter of National Union Fire Ins. Co. of Pittsburgh, Pa., 269 AD2d at 102, citing Digitrex, Inc. v Johnson, 491 F Supp 66 [SD NY 1980], and Limonium Mar., S.A. v Mizushima Marinera, S.A., 961 F Supp 600 [SD NY 1997]).
Because the Georgia branch of Wells Fargo was never served with a restraining notice in accordance with the separate entity rule, Lease Finance Group’s service of its restraining notice on the Pennsylvania branch was insufficient to allow the default judgment of this court to restrain Fiske’s account in Georgia.
Conclusion
For the reasons stated above, Lease Finance Group’s motion pursuant to CPLR 5222-a requesting a hearing to determine the validity of Fiske’s claim of exemption is denied.