**PRINCIPAL MUTUAL LIFE INSURANCE CO., Plaintiff,**

v.

**Robert K. JUNTUNEN, Defendant–Appellant,**

and

**Pamela S. Riley, formerly known as Pamela S. Juntunen, Defendant–Appellee.**

No. 87–1206.

United States Court of Appeals, Seventh Circuit.

Argued Oct. 2, 1987.

Decided Jan. 28, 1988.

Eugene F. Keefe, Roddy, Power & Leahy, Ltd., Chicago, Ill., for plaintiff.

Gerald M. Rubin, Skokie, Ill., for defendant-appellant and defendant-appellee.

Before BAUER, Chief Judge, and FLAUM and EASTERBROOK, Circuit Judges.

PER CURIAM.

■ This case is an object lesson in the need to pay attention to the limits of federal jurisdiction before filing suit. Principal Mutual Life Insurance Co., the plaintiff-stakeholder, is an Iowa corporation with its principal place of business in Iowa. Both defendant-claimants are citizens of Illinois. Principal Mutual, which had issued two policies on the life of Harvey Juntunen, asked the court to determine whether Robert K. Juntunen, Harvey's brother, or Pamela S. Riley, Harvey's former wife, is entitled to the death benefit. The interpleader statute, 28 U.S.C. § 1335, is unavailable because the claimants are not of diverse citizenship. So this is an interpleader under Fed.R.Civ.P. 22, and the district court's jurisdiction depends on 28 U.S.C. § 1332(a)(1), which grants diversity jurisdiction when "the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs". The stakeholder commenced the case by filing a complaint and tendering to the clerk of court a check for $10,267.99. So far, so good. But if $267.99 or more is interest, the stake is too small.

■ An affidavit filed in the district court says that one of the policies "has a face value of $5,046.00" and "with accrued interest on proceeds since the date of death at the current rate" a total benefit of $5,204.64. The interest due on this policy therefore is $158.64. The affidavit says that the other policy has a "face value of $5,000" and "with accrued dividends, unused premiums and interest at the company's current rate" a total value of $5,722.54. The firm loaned $656.19 to Harvey against this policy before his death, leaving a total payable of $5,063.35. The sum for the two policies is the $10,267.99 given to the clerk.

The affidavit does not say how much interest was credited on the $5,000 policy. A "Statement of Benefits" form filed in the district court reveals that the total of $5,063.35 on the $5,000 policy included $154.33 interest on proceeds. So of the stakes in this case, $312.97 is interest. "Interest" for purposes of § 1332(a) is a sum that becomes due because of delay in payment. *Velez v. Crown Life Insurance Co.*, 599 F.2d 471, 473–74 (1st Cir.1979). The sums denominated interest in the form and affidavit meet that definition. The form explicitly says that these amounts are interest on the cash death benefit "from the insured's death until the date of payment." The maximum "matter in controversy ... exclusive of interest and costs" therefore is $9,955.02. Section 1332(a) does not supply jurisdiction.

944

■ This fatal defect makes it unnecessary to resolve other jurisdictional problems that lurk in the record, such as whether a court may aggregate policies covering the same risk in order to reach $10,000. Because the amount in controversy exclusive of interest cannot exceed $9,955.02, we must dismiss this case. That will be painful to the contestants—who are not responsible for Principal Mutual's mistake in counting interest toward the jurisdictional minimum, and who must dread the thought of spending still more money to litigate in a second set of courts the entitlement to $10,-267.99. Once we detect an irreparable problem in jurisdiction, however, our hands are tied. See *Mansfield, Coldwater & Lake Michigan Ry. v. Swan,* 111 U.S. 379, 4 S.Ct. 510, 28 L.Ed. 462 (1884). Insurers, which employ interpleader frequently, must be attentive to such things, lest they impose unwarranted costs on policyholders and the judicial system. To the claimants we offer only the comfort, cold though they may perceive it, that they will now receive an authoritative decision of their state-law dispute from a state court. The judgment is vacated, and the case is remanded with instructions to dismiss the suit for want of jurisdiction. No costs.