**BRADFORD NATIONAL LIFE INSURANCE COMPANY,**
Plaintiff,

v.

**UNION STATE BANK, Defendant.**

No. 90–C–1081.

United States District Court,
E.D. Wisconsin.

June 25, 1992.

Kentucky corporation, commenced this action for conversion under Wis.Stats. § 403.-419(1)(c). Specifically, Bradford National Life alleged that the defendant, Union State Bank, a Wisconsin corporation, had converted a negotiable instrument (check), in the amount of $50,000.00, of which Bradford National Life was the payee, by paying it on an unauthorized indorsement.

The court trial in this action was scheduled to commence on Monday, June 22, 1992; however, on Thursday, June 18, 1992, the parties notified the court of their intention to submit the action for disposition on stipulated facts in lieu of a court trial. On Friday, June 19, 1992, the parties filed their "Statement of Stipulated Facts" and accompanying exhibits.

After a review of the complaint and the submissions of the parties, I am convinced that this court lacks subject matter jurisdiction over this action. Although the parties themselves have not addressed the issue of subject matter jurisdiction, this court is obligated to raise the issue *sua sponte* when it appears that subject matter jurisdiction is lacking. *See* Rule 12(h)(3), Federal Rules of Civil Procedure, ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."); *see also Wisconsin Knife Works v. National Metal Crafters,* 781 F.2d 1280, 1282 (7th Cir.1986); *Buethe v. Britt Airlines, Inc.,* 749 F.2d 1235, 1238 n. 3 (7th Cir.1984).

In its complaint, Bradford National Life asserts that this court has subject matter jurisdiction over this action on the basis of diversity of citizenship. *See* 28 U.S.C. § 1332(a)(1). Under 28 U.S.C. § 1332(a)(1) (with emphasis added), diversity of citizenship exists where

> the matter in controversy *exceeds* the sum or value of $50,000, *exclusive of interest and costs,* and is between ... citizens of different States; ....

The complaint and statement of stipulated facts demonstrate that Bradford National Life is a citizen of Kentucky and Union State Bank is a citizen of Wisconsin; thus,

Dempsey, Magnusen, Williamson & Lampe by Charles J. Hertel, Oshkosh, Wis., for plaintiff.

Brazeau, Potter, Wefel & Nettesheim, by Nicholas J. Brazeau, Wisconsin Rapids, Wis., for defendant.

## DECISION AND ORDER

MYRON L. GORDON, Senior District Judge.

On November 2, 1990, the plaintiff, Bradford National Life Insurance Company, a

the parties are "citizens of different states." *See* 28 U.S.C. § 1332(c)(1) (a corporation is deemed to be a citizen of the state in which it is incorporated and of the state where it has its principal place of business). However, because the matter in controversy in the present action concerns a negotiable instrument in the sum of *exactly* $50,000.00, the jurisdictional minimum has not been satisfied.

In addition to the face value of the negotiable instrument ($50,000.00), Bradford National Life also requests "interest [on the $50,000.00] at the legal rate, [and] ... costs and disbursements of this action including attorneys fees...." Under § 1332(a) the inclusion of interest and costs in calculating the amount in controversy for jurisdictional purposes is expressly prohibited. For purposes of § 1332(a), interest is a "sum that becomes due because of delay in payment." *Principal Mutual Life Insurance Co. v. Juntunen*, 838 F.2d 942, 943 (7th Cir.1988) (per curiam). (Section 403.419 does not authorize an award of pre-judgment interest, which might then have been included in determining the amount in controversy, *see Sarnoff v. American Home Products Corp.*, 798 F.2d 1075, 1078 (7th Cir.1986)). The pleadings and the statement of stipulated facts fail to disclose that Bradford National Life's request for interest at the legal rate is anything other than a sum that "becomes due because of delay in payment"; hence, such sum is not includable in determining the jurisdictional amount.

Bradford National Life's request for attorney's fees is also of no consequence for purposes of satisfying the jurisdictional amount. Bradford National Life would be entitled to include a "reasonable estimate" of attorney's fees in determining whether the jurisdictional minimum is satisfied only where it "has a right, based on contract, statute, or other legal authority to an award of attorney's fees if [it] prevails in the litigation." *Ross v. Inter-Ocean Insurance Co.*, 693 F.2d 659, 661 (7th Cir.1982).

Bradford National Life has not asserted such a right to attorney's fees in any of its pleadings or papers. Contract can be ruled out as a source of such a right because no contract presently exists (or has ever existed) between Bradford National Life and Union State Bank. Federal common law can also be ruled out as a source because a right to attorney's fees in a diversity action is governed by state law. *See Ross*, 693 F.2d at 661. Moreover, Wisconsin common law does not provide a general right to attorney's fees. *See Fehring v. Republic Insurance Co.*, 118 Wis.2d 299, 316, 347 N.W.2d 595 (1984). As for a statutory basis, Wis.Stat. § 403.419—the conversion statute under which Bradford National Life brings the present action—does not provide for the recovery of attorney's fees. *Cf.* Wis.Stat. § 100.18(11)(b)2 (expressly authorizes an award of attorney's fees).

Thus, despite Bradford National Life's request for interest, costs and attorney's fees, the amount in controversy is the face amount of the negotiable instrument—*exactly* $50,000.00—which is not an amount in excess of $50,000.00. *See Motorists Mutual Insurance Company v. Simpson*, 404 F.2d 511, 515–16 (7th Cir.1968) (district court lacked subject matter jurisdiction in a diversity action where amount in controversy was *exactly* $10,000.00—the then statutory amount), *cert. denied*, 394 U.S. 988, 89 S.Ct. 1470, 22 L.Ed.2d 763 (1969). Accordingly, this court is without jurisdiction under 28 U.S.C. § 1332(a)(1), and Bradford National Life's action must be dismissed.

Therefore, IT IS ORDERED that the action be and hereby is dismissed, without prejudice, for lack of subject matter jurisdiction in this court.