70 F.3d 1277
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lydia COOK and Terrie Owens, Plaintiffs-Appellants,
v.
CITY OF POMONA, a municipal corporation, Respondent-Appellant.
 No. 95-55315.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 16, 1995.
Decided Nov. 29, 1995.
 
 1
 Before: HUG, LEAVY, Circuit Judges, and MUECKE, District Court Judge**
 
 
 2
 MEMORANDUM**
 
 
 3
 Appellants Lydia Cook and Terrie Owens appeal the district court's dismissal for lack of subject matter jurisdiction and denial of a preliminary injunction. We affirm.
 
 FACTUAL AND PROCEDURAL BACKGROUND
 
 4
 In July of 1988, appellants filed a verified charge with the Equal Employment Opportunity Commission [EEOC] alleging that the Pomona Fire Department discriminated against African-Americans and women in its recruiting, hiring, testing and promoting of fire fighters. In January of 1989, appellants, along with other individuals and organizations not parties to this action, entered into a "settlement agreement." The EEOC did not sign or formally approve the agreement.
 
 
 5
 On June 27, 1994, appellants filed a complaint pursuant to Title VII and the Civil Rights Act of 1866, 42 U.S.C. Secs. 1981, 1983, 1985 and 1988[1], to enforce the settlement agreement and enjoin the Annexation of the City of Pomona fire department with Los Angeles County. The district court dismissed this action, without prejudice to filing in state court, for lack of federal subject matter jurisdiction. Cook v. City of Pomona, 884 F.Supp. 1457, 1463 (C.D.Cal.1995). The district court further found that the appellants lacked standing to seek injunctive relief to enjoin the annexation of the Pomona Fire Department with Los Angeles County as the agreement did not prohibit annexation and they did not seek employment after the 1989 settlement agreement. Id.
 
 DISCUSSION
 I. Standard of Review
 
 6
 We review a district court's determination that it lacks subject matter jurisdiction de novo. Seven Resorts, Inc. v. Cantlen, 57 F.3d 771, 772 (9th Cir.1995).
 
 II. Subject Matter Jurisdiction
 
 7
 Appellants argue that federal courts have the jurisdiction to enforce conciliation agreements and that the settlement in this case was a conciliation agreement. Appellees respond that the district court lacked subject matter jurisdiction as the agreement is a predetermination settlement agreement.
 
 
 8
 A federal district court is a court of limited jurisdiction, and the burden of establishing jurisdiction is on the party claiming jurisdiction. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 182-183 (1936). This court has already held that it lacks subject matter jurisdiction over a Title VII settlement agreement in an action brought by the EEOC, if the EEOC has not investigated, made a reasonable cause determination and made good faith attempts at conciliation. EEOC v. Pierce Packing Co., 669 F.2d 605, 608 (9th Cir.1982). As this court has already stated:
 
 
 9
 the differences between "conciliation" and "settlement" are more than semantic. Conciliation contemplates charge, notice, investigation and determination of reasonable cause. 42 U.S.C. Sec. 20003-5(b). A settlement agreement may precede genuine investigation, determination of reasonable cause and conciliation, but may not replace these preludes to a civil action. 29 C.F.R. 1601.20(a).
 
 
 10
 Pierce Packing Co., 669 F.2d at 608.
 
 
 11
 In this case, the plaintiff has not set forth adequate jurisdictional facts in the complaint to sustain jurisdiction. The agreement is entitled "settlement agreement" and states that the EEOC did not approve the agreement. In addition, the EEOC did not sign the agreement. The complaint does not set forth sufficient jurisdictional facts to establish that EEOC investigated and made a reasonable cause determination. The conclusory statement that all of the required administrative actions had been taken is insufficient to establish jurisdiction. Thus, the district court correctly ruled that it lacked subject matter jurisdiction to enforce the agreement.
 
 
 12
 Because the court lacked subject matter jurisdiction to enforce the settlement agreement, the court need not consider the issues relevant to the denial of preliminary injunction.
 
 
 13
 Moreover, because the action was dismissed for lack of subject matter jurisdiction, appellees' request for fees on appeal pursuant to 42 U.S.C. Sec. 1988 is denied. See Branson v. Nott, 62 F.3d 287, 293 (9th Cir.1995).
 
 
 14
 AFFIRMED.
 
 
 
 *
 Honorable C.A. Muecke, Senior United States District Judge for the District of Arizona, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although the complaint cites to Secs. 1981, 1983, 1985 and 1988, it asserts no claim pursuant to Sec. 1981, 1983, 1985 and 1988