Tom MENDENHALL

v.

SAUDI ARAMCO, et al.

No. Civ.A. G–97–243.

United States District Court, S.D. Texas, Galveston Division.

Jan. 28, 1998.

---

Arnold Anderson Vickery, Archer, Waldner & Vickery, Houston, TX, for Tom Mendenhall, plaintiff.

V. Scott Kneese, Bracewell & Patterson, Houston, TX, for Saudi Aramco, defendant.

Mark Cohen, Royston, Rayzor, Vickery and Williams, Houston, TX, for Aramco Services Co., defendant.

Richard M. Simses, Abbott, Simses, Album and Knister, Houston, TX, for Santa Fe Intern. Corp., defendant.

### ORDER GRANTING DEFENDANT SAUDI ARAMCO'S MOTION TO DISMISS

KENT, District Judge.

This is a personal injury case in which Plaintiff alleges he contracted illness while working on an oil rig in the Persian Gulf. Now before the Court is Defendant Saudi Aramco's Motion to Dismiss brought pursuant to the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1602 *et seq.* For the reasons that follow, Defendant's Motion is **GRANTED.** Consequently, all of Plaintiff's claims against Saudi Aramco are hereby **DISMISSED WITH PREJUDICE.**

Saudi Aramco is the national oil company of Saudi Arabia, created by a Royal Decree of the Kingdom of Saudi Arabia. The parties in this case agree that Saudi Aramco is wholly owned by the government of Saudi Arabia and that its principal place of business and headquarters is in Dharan, Saudi Arabia. The Court finds, and both parties apparently agree, that Defendant Saudi Ar-

amco is an "agency or instrumentality of a foreign state" making it a "foreign state" under the terms of the FSIA. *See* 28 U.S.C. §§ 1603(a), (b).

■■■ Because Defendant Saudi Aramco is a foreign state, exceptions within the FSIA are the only bases for obtaining jurisdiction over it in the courts of the United States. *See Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 443, 109 S.Ct. 683, 693, 102 L.Ed.2d 818 (1989). The existence of subject matter jurisdiction under the FSIA is a question of law for the Court to decide. *See Stena Rederi AB v. Comision de Contratos del Comite*, 923 F.2d 380, 386 (5th Cir.1991). Under the FSIA, the foreign state is presumptively entitled to immunity. *See Saudi Arabia v. Nelson*, 507 U.S. 349, 355, 113 S.Ct. 1471, 1476, 123 L.Ed.2d 47 (1993). After Defendant has made a prima facie showing of immunity, the burden of proof shifts to Plaintiff to identify the exceptions to immunity upon which he relies and to present some facts that show such an exception exists. Plaintiff has satisfied this burden of production; therefore, the foreign state entity (Saudi Aramco) must now satisfy its ultimate burden of persuasion by demonstrating the nonapplicability of the exceptions raised by Plaintiff. *See Stena Rederi,* 923 F.2d at 389; *see also Arriba Ltd. v. Petroleos Mexicanos,* 962 F.2d 528, 533–534 (5th Cir.1992); *Forsythe v. Saudi Arabian Airlines Corp.,* 885 F.2d 285, 289 n. 6 (5th Cir.1989).

■■■ To overcome Defendant Saudi Aramco's claim of sovereign immunity, Plaintiff relies on § 1605(a)(1) of the FSIA. That section provides:

(a) A foreign state shall not be immune from the jurisdiction of courts of the United States or of the States in any case—

(1) in which the foreign state has waived its immunity *either explicitly or by im-*

*plication,* notwithstanding any withdrawal of the waiver which the foreign state may purport to effect except in accordance with the terms of the waiver;

28 U.S.C. § 1605(a)(1).

It is undisputed that Saudi Aramco has not explicitly waived its sovereign immunity. Plaintiff argues that because of its extensive business dealings in the United States, Saudi Aramco has implicitly waived its immunity. In support of this waiver, Plaintiff discusses at length Saudi Aramco's business dealings, its participation in ERISA,[1] its submission to the tax authority of the United States, and its employment of American educated Saudi Arabian citizens and American citizens.

■■■ Although persuasive, unfortunately for Plaintiff, his argument has no basis in law when viewed in light of authority regarding waiver under the FSIA. The implicit waiver provision found in the FSIA is construed quite narrowly. *See, e.g., Shapiro v. Republic of Bolivia,* 930 F.2d 1013, 1017 (2d Cir. 1991); *Foremost–McKesson, Inc. v. Islamic Republic of Iran,* 905 F.2d 438, 444 (D.C.Cir. 1990); *Joseph v. Office of the Consulate General of Nigeria,* 830 F.2d 1018, 1022–23 (9th Cir.1987); *Frolova v. Union of Soviet Socialist Republics,* 761 F.2d 370, 377 (7th Cir. 1985). Simply put, business dealings within the United States, at least to the extent alleged by Plaintiff, do not implicitly waive sovereign immunity.[2] *See Coleman v. Alcolac, Inc.,* 888 F.Supp. 1388, 1403 (S.D.Tex. 1995) (Kent, J.); *D.W. Talbot v. Saipem A.G.,* 835 F.Supp. 352, 353 (S.D.Tex.1993) (Kent, J.); *cf. Smith v. Socialist People's Libyan Arab Jamahiriya,* 101 F.3d 239, 242 (2nd Cir.1996) (rejecting the contention that a foreign state waives its sovereign immunity whenever it engages in conduct that violates fundamental humanitarian standards), *cert. denied,* —— U.S. ——, 117 S.Ct. 1569, 137 L.Ed.2d 714 (1997); *Rodriguez v. Transnave*

---

1. Employee Retirement Income Security Act, 29 U.S.C. §§ 1001–1461.

2. The Court expressly notes that the actions about which Plaintiff complains occurred in the Persian Gulf. Section 1605(a)(2) of the FSIA waives sovereign immunity when "the action is based upon ... an act outside the territory of the United States in connection with the commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States." Plaintiff does not argue waiver pursuant to this provision. Because Plaintiff can show no "direct effect," such an argument, even if proffered, would be unsuccessful. *See Good v. Aramco Services Co.,* 971 F.Supp. 254, 260 (S.D.Tex.1997).

*Inc.*, 8 F.3d 284, 289 (5th Cir.1993) (finding no implied waiver when the foreign defendant had participated in discovery and trial preparation for two years before filing its motion to dismiss on the basis of sovereign immunity); *Drexel Burnham Lambert Group Inc. v. Committee of Receivers for Galadari*, 12 F.3d 317, 326 (2nd Cir.1993) (holding that the foreign defendant's failure to immediately raise sovereign immunity was not "unmistakable" and "unambigious" as required by the legislative history of the FSIA).

Because none of the exceptions set forth in the FSIA apply in this case, this Court lacks jurisdiction over Defendant Saudi Aramco. Therefore, Defendant Saudi Aramco's Motion to Dismiss must be **GRANTED**, and all of Plaintiff's claims against Defendant Saudi Aramco are hereby **DISMISSED WITH PREJUDICE**. The parties are **ORDERED** to bear their own taxable costs and expenses incurred herein to date. The parties are also **ORDERED** to file no further pleadings on these issues in this Court, including motions to reconsider or the like, unless justified by a compelling showing of new evidence not available at the time of the instant submissions. Instead, the parties are instructed to seek any further relief to which they feel themselves entitled in the Fifth Circuit Court of Appeals, as may be appropriate in due course.

**IT IS SO ORDERED.**